# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION
## AT COVINGTON
## CIVIL ACTION NO.: 09-77-JGW

| | |
|---|---|
| **DEREK SEAMAN, et al.,** | **PLAINTIFFS,** |
| **V.** | |
| **NATIONWIDE MUTUAL FIRE INSURANCE CO.,** | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER

Three plaintiffs initiated litigation against defendant in state court, but defendant

removed the case to this court on June 10, 2009.   All parties have consented to disposition

before the undersigned magistrate judge pursuant to 28 U.S.C. §636(c).  (*See* Doc. 4, 7).

Currently pending is plaintiff Margie Brammeier's motion for summary judgment (Doc. 109),

defendant Nationwide's motion for summary judgment (Doc. 112), Nationwide's motion to

dismiss Derek and Stefanie Seaman (Doc. 116), and the Seaman plaintiffs' "Notice of Voluntary

Dismissal" (Doc. 117).

The cross-motions for summary judgment will be addressed by the court in a

memorandum opinion to follow, but at this time the court will grant defendant's motion to

dismiss the claims of Derek and Stefanie Seaman with prejudice.

**Background**

The background of this litigation has been previously set forth by the court, most recently

in the court's November 8, 2010 Memorandum Order:

> Plaintiffs Derek Seaman and Stefanie Seaman have repeatedly failed to
> participate in discovery or to submit to a properly noticed deposition.  Based upon

this conduct, which the court noted in orders dated August 19, September 10, and October 15, 2010, the court first permitted counsel for the Seaman plaintiffs to withdraw based upon a stated "inability to communicate" with his clients. On September 10, the court sternly reminded plaintiffs of their discovery obligations, and directed plaintiffs to obtain new counsel or file a written Notice indicating their intent to proceed pro se not later than October 8, 2010. (Doc. 74). When that order failed to produce results, on October 15 the court directed plaintiffs to "show cause why this court should not recommend dismissal of their clams for failure to prosecute." (Doc. 103). The court directed plaintiffs to "respond to this order by filing a Notice of their intention to either dismiss their claims or to continue prosecution pro se not later than November 4, 2010." *Id.*

Once again, the Seaman plaintiffs have failed to respond to the court's order. In addition, on October 15, 2010 the defendant filed a status report informing the court that plaintiffs have again failed and/or refused to appear for their properly noticed depositions, last rescheduled for October 5, 2010. (Doc. 103). Defendant's status report reflects defendant's intention to move to dismiss the Seaman plaintiffs' claims, but the court initially will impose a sanction under Rule 37 without awaiting a formal motion, in light of plaintiffs' persistent and deliberate failure to appear for their properly noticed deposition, and additional failure to comply with the clear orders of this court.

The court notes that dismissal under Rule 37, Fed. R. Civ. P., may yet be imposed if the lesser sanction imposed by this order fails to achieve the desired result. Dismissal under either Rule 37 or Rule 41(b) should be imposed only after consideration of the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Regional Refuse System, Inc. v. Inland Reclamation Co.,* 842 F.2d at 150, 153-55 (6th Cir. 1988). On the facts presented, plaintiffs' conduct appears to be willful and has severely prejudiced the defendant's ability to defend against the claims filed against it. Plaintiffs were previously warned in the court's October 15, 2010 order that the court was considering dismissal of their claims for failure to prosecute; in fact, plaintiffs were directed to show cause why their claims should not be dismissed. However, a review of the record also demonstrates that "less drastic sanctions" than dismissal have not yet been imposed. Although the court has some doubt as to the efficacy of lesser sanctions, the court will impose a sanction short of dismissal at this time in an effort to provide plaintiffs with one final opportunity to comply with their discovery obligations and the prior orders of this court.

Doc. 111. In the same order the court directed the Seaman plaintiffs to "each pay the sum of

$200.00 to defendant Nationwide within fifteen (15) days of the date of this order as a sanction

for their repeated failure to submit to a deposition" and to "immediately contact defense counsel

and shall submit to deposition at a date and time of defendant's choosing, on or before

**November 26, 2010,** unless a later date is agreed to in writing by the defendant." *Id.* Last, the

court directed the recalcitrant plaintiffs to "file written notice stating their compliance with ...

this order, and in addition shall include a statement indicating their intention to either dismiss

their claims or continue prosecution pro se." The court warned plaintiffs that not only would no

extensions be granted, but that "a failure of plaintiffs Derek and/or Stefanie Seaman to timely

comply with any portion of this order will result in the **dismissal of their claims with prejudice**

under Rule 37 and/or Rule 41(b)."

     **Analysis**

     The plaintiffs have failed to pay the $200.00 sanction, have failed to contact the

defendant to arrange for their deposition, and failed to submit to the same. In addition, the

plaintiffs have failed to file a written notice stating their compliance with the court's order;

instead, they merely filed a notice of their intent to dismiss their claims "without prejudice." As

reflected in the defendant's response to plaintiffs' attempt to voluntarily dismiss their claims

without prejudice under Rule 41(a), such a dismissal is not appropriate at this stage of the

proceedings. Under Rule 41(a)(1)(A)(I), a plaintiff may file a notice of voluntary dismissal only

if the opposing party has not yet filed an answer or motion for summary judgment. In this case,

the defendant has filed both an answer and has moved for summary judgment. In addition, the

plaintiffs were repeatedly and explicitly warned that if they continued to wilfully refuse to

comply with the orders of this court, their case would be dismissed **with prejudice.**

**Conclusion and Order**

For the reasons stated in the court's prior orders, including the Memorandum Order of November 8, 2010, and for the additional reasons stated in defendant's motion to dismiss and response to plaintiffs' improper "notice of dismissal," **IT IS ORDERED THAT:**

1.  Plaintiff Derek and Stefanie Seaman's notice of voluntary dismissal (Doc. 117) is **denied** to the extent it is construed as a motion to voluntarily dismiss their claims without prejudice;

2.  Defendant's motion to dismiss all claims brought by Derek and Stefanie Seaman (Doc. 116) is **granted**.   The claims of Derek and Stefanie Seaman are hereby dismissed **with prejudice** as a sanction for their refusal to participate in discovery, and pursuant to Rule 41(b).

This the 3rd day of December, 2010.

Signed By:

J. Gregory Wehrman

United States Magistrate Judge